O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JASON DUANE WILSON, )<br>)<br>Defendant. )<br>_____ ) | Case Nos. EDCV 11-01817VAP<br>**_EDCR 09-00122(B)_**<br>**_VAP_**<br><br>**ORDER DENYING MOTION FOR RELIEF UNDER 28 U.S.C. § 2255** |

### I. SUMMARY OF PROCEEDINGS

On November 10, 2011, Petitioner Jason Wilson ("Petitioner") filed a "Motion for Relief under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody." ("Mot." (Doc. No. 40).)[1] On December 21, 2011, the Government filed its Opposition to Petitioner's Motion ("Opp'n"). On January 19, 2012, Petitioner filed his Reply.

---

[1] Many of the documents filed in support appear on both the civil docket for this case, ED CV 11-01817 VAP, and on the docket for the underlying criminal case, United States v. Wilson, ED CR 09-00122(B) VAP. Unless otherwise noted, all citations to docket numbers refer to the criminal case docket.

## II. PROCEDURAL BACKGROUND

On August 12, 2009, a federal grand jury in this district returned a six-count indictment against Petitioner, charging him with: two counts of sex trafficking of children, in violation of 18 U.S.C. § 1591(a)(1); and four counts of transporting minors into prostitution, in violation of 18 U.S.C. § 2423(a). (Doc. No. 1.)

On August 19, 2010, the United States Attorney's Office ("USAO") filed a first superseding information against Petitioner, charging him with one count of transporting a minor into prostitution, in violation of 18 U.S.C. § 2423(a). (Doc. No. 21.) Also on August 19, 2010, Petitioner entered into a plea agreement with the USAO, wherein Petitioner agreed to plead guilty to the single-count first superseding information. (Doc. No. 24.) On September 8, 2010, the Court held a change of plea hearing. At that hearing, Petitioner entered, and the Court accepted, a guilty plea to the single-count first superseding information. (Doc. No. 28.)

On November 5, 2010, the United States Probation Office ("USPO") filed a Presentence Report ("PSR") as to Petitioner. (Doc. No. 30.) Petitioner and the USAO each filed their responses to the PSR. (Doc. Nos. 31 - 34.) After the parties filed their responses, the USPO filed

an addendum to the PSR addressing the arguments and objections advanced in Petitioner's PSR response.  (See Doc. No. 35.)

On December 13, 2010, the Court sentenced Petitioner to 96 months imprisonment and five years of supervised release.  (See J. & Conviction Order (Doc. No. 38).)

### III.  DISCUSSION

Section 2255 authorizes the Court to "vacate, set aside or correct" a sentence of a federal prisoner that "was imposed in violation of the Constitution or laws of the United States."  28 U.S.C. § 2255(a).  Claims for relief under § 2255 must be based on some constitutional error, jurisdictional defect, or an error resulting in a "complete miscarriage of justice" or in a proceeding "inconsistent with the rudimentary demands of fair procedure."  United States v. Timmreck, 441 U.S. 780, 783-84 (1979).  If the record clearly indicates that a petitioner does not have a claim or that he has asserted "no more than conclusory allegations, unsupported by facts and refuted by the record," a district court may deny a § 2255 motion without an evidentiary hearing.  United States v. Quan, 789 F.2d 711, 715 (9th Cir. 1986); see also United States v. Chacon-Palomares, 208 F.3d 1157, 1159 (9th Cir. 2000) ("When a prisoner files a § 2255 motion, the district court must grant an

evidentiary hearing 'unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" (quoting 28 U.S.C. § 2255)).

Petitioner contends he received ineffective assistance of counsel because his counsel, Jeffrey Aaron, failed to object to certain of the criminal history calculations in Petitioner's PSR. (Mot. at 5.) Moreover, Petitioner contends that had Mr. Aaron objected, Petitioner would have been placed in criminal history category III, not category IV, which would, in turn, have reduced his sentence from 96 months to 87 months. (Id.)

**A. Petitioner's Ineffective Assistance of Counsel Claim**

To establish ineffective assistance of counsel, a defendant must prove (1) "counsel's representation fell below an objective standard of reasonableness," and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Franklin v. Johnson, 290 F.3d 1223, 1237 (9th Cir. 2002) (quoting Strickland). But, the "likelihood of a different result must be substantial,

4

not just conceivable." Harrington v. Richter, 562 U.S. __, 131 S. Ct. 770, 792 (2011).

A claim of ineffective assistance of counsel requires proof of both of these elements. "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." Strickland, 466 U.S. at 697. Moreover, a defendant must "overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 694 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).

### 1. Petitioner's Criminal History Calculation in the PSR

In the PSR, the USPO calculated Petitioner's criminal history, and determined that Petitioner had five previous convictions that garnered criminal history points:

1. A 1997 burglary conviction (two criminal history points);
2. A 1999 conviction for selling marijuana (two criminal history points);

      3.   A 2005 conviction for recruiting another to engage in prostitution (one criminal history point);

      4.   A 2007 conviction for possession of marijuana (one criminal history point); and

      5.   A 2009 conviction for attempting to carry a concealed weapon (one criminal history point).

In total, Petitioner's previous criminal convictions resulted in a total of seven criminal history points. (PSR at 12.)

The PSR also added two criminal history points under Section 4A1.1(d) of the United States Sentencing Guidelines ("U.S.S.G.") because Petitioner was already under a criminal justice sentence when he committed the offense in the First Superseding Information. (Id.)

### 2. Criminal History Points for Being on Probation at the Time of the Underlying Offense

Petitioner contends Mr. Aaron provided ineffective assistance by not objecting to the two criminal history points in the PSR for being under a criminal justice sentence at the time of the offense. Specifically, he argues that Amendment 742 to the U.S.S.G. applied when he was sentenced, and that the amendment does not permit the two point increase in Petitioner's criminal history.

1       Amendment 742 amended Section 4A1.1, striking the
2  former Section 4A1.1(e), which added two points "if the
3  defendant committed the instant offense less than two
4  years after release from imprisonment on a sentence
5  counted under [§ 4A1.1](a) or (b) . . . ."  Amendment
6  742, Supp. to App'x. C to 2010 U.S.S.G., at 354. Of
7  significance, the Commentary to Amendment 742 stated that
8  § 4A1.1 (a)-(d), and (f) "remain included in the criminal
9  history score after the amendment." <u>Id.</u> at 355.  In
10 other words, Amendment 742 only applies to a defendant's
11 criminal history calculation if two points were added
12 because the defendant committed the offense less than two
13 years from a previous imprisonment; if the points were
14 awarded for a reason stated in § 4A1.1(a), (b), (c), (d),
15 or (f), Amendment 472 does not apply.

17       Here, the two points for recency were not included
18 because Petitioner committed the offense less than two
19 years from a previous imprisonment under § 4A1.1(e);
20 instead, the two points were included under § 4A1.1**(d)**
21 because, at the time of the underlying offense,
22 Petitioner was on probation with the Orange County
23 Superior Court for his 2005 conviction for recruiting
24 another to engage in prostitution.  (<u>See</u> PSR at 11-12.)
25 Thus, Amendment 742 does not apply.

As Amendment 742 does not apply here, Mr. Aaron did not provide ineffective assistance by not objecting to the 2 criminal history points added because Petitioner was on probation at the time of this offense. See Shah v. United States, 878 F.2d 1156, 1162 (9th Cir. 1989) ("The failure to raise a meritless legal argument does not constitute ineffective assistance of counsel." (quoting Baumann v. United States, 692 F.2d 565, 572 (9th Cir. 1982))).

### 3.  Petitioner's 1997 Conviction

Petitioner also contends Mr. Aaron provided ineffective assistance by not objecting to the criminal history calculation as to Petitioner's 1997 burglary conviction. Specifically, Petitioner argues he should have received only one point for the 1997 conviction, not two. Under § 4A1.1(b), and the Commentary thereto, when determining the criminal history category, for any sentence imposed within ten years preceding the underlying offense, "[a]dd 2 points for each prior sentence of imprisonment of at least sixty days . . . ." Here, as a result of his 1997 conviction, Petitioner received 60 days imprisonment. Moreover, Petitioner does not challenge that the sentence was imposed within 10 years preceding the underlying offense. Hence, as Petitioner received a sentence of imprisonment of at least 60 days within the 10 years preceding the

underlying offense, the 2 points added for the 1997 conviction were proper.

As the PSR calculated properly the points to be added for the 1997 conviction, Mr. Aaron did not provide ineffective assistance by failing to object.  Shah, 878 F.2d at 1162.

**B.   Petitioner's Rehabilitation Claim**

In an argument first raised in Petitioner's Reply, he contends the Court should reduce his sentence because his post-sentence conduct demonstrates his rehabilitation. First, this argument is procedurally improper, as Petitioner raised it for the first time in his Reply. See Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."); United States v. Anderson, 472 F.3d 662, 668 (9th Cir. 2006) ("Issues raised for the first time in a . . . reply brief are generally deemed waived.").

Second, the authority Petitioner relies upon in support of his argument does not apply here.  In his Reply, Petitioner relies on Pepper v. United States, 562 U.S. __, 131 S. Ct. 1229 (2011), for the proposition that a district court may consider a defendant's post-

9

conviction rehabilitation at a resentencing.  (See Reply at 2-3.)  In Pepper, the Court held that

> when a defendant's sentence has been set aside on appeal and his case remanded for resentencing, a district court may consider evidence of a defendant's rehabilitation since his prior sentencing and that such evidence may, in appropriate cases, support a downward variance from the advisory Guidelines range.

Pepper, 131 S. Ct. at 1241.  The Court's holding was therefore based on a court of appeals vacation of a defendant's original sentence.  Pepper did not arise in the context of a habeas corpus proceeding after the original sentence had become final.  Hence, that case did not hold, as Petitioner intimates, that a district court may resentence a defendant in light of the defendant's post-sentence conduct after the original sentence becomes final.  Accordingly, Pepper is inapplicable here.

Finally, under 18 U.S.C. 3582(c), subject to exceptions not applicable here, courts "may not modify a term of imprisonment once it has been imposed."  Hence, assuming without deciding that the Court agreed that Petitioner's post-sentencing conduct demonstrated his rehabilitation, the Court is prohibited by statute from modifying the sentence imposed.

10

**IV. CONCLUSION**

As all of Petitioner's arguments fail, the Court DENIES Petitioner's § 2255 Motion WITH PREJUDICE.

Dated: May 24, 2012

_____
VIRGINIA A. PHILLIPS
United States District Judge